UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN R. WINDER,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 13-1960 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff Karen R. Winder filed this action on November 4, 2013. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on December 12, 2013 and January 7, 2014. (Dkt. Nos. 9, 10.) On July 10, 2014, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

On December 15, 2008, Winder filed an application for supplemental security income and alleged a disability onset date of January 1, 2000. Administrative Record ("AR") 22, 121-27.  The application was denied initially and on reconsideration.  AR 52-53.  Winder requested a hearing before an Administrative Law Judge ("ALJ").  AR 76.  On February 11, 2011, the ALJ conducted a hearing at which Winder, her fiancé and a vocational expert ("VE") testified.  AR 32-51.  On March 3, 2011, the ALJ issued a decision denying benefits.  AR 22-28.  On May 23, 2012, the Appeals Council denied the request for review.  AR 1-6.

On July 3, 2012, Winder filed an action in this court.  AR 286.  The court reversed the decision of the Commissioner and remanded for further proceedings.  AR 278-84.  On May 9, 2013, the Appeals Council vacated the decision of the Commissioner and remanded the case to an ALJ for further proceedings.  AR 291.

On August 5, 2013, the ALJ conducted a hearing at which Winder, a medical expert, and a VE testified.  AR 232-57.  On August 7, 2013, the ALJ issued a decision denying benefits.  AR 217-27.  This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might

accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Winder has not engaged in substantial gainful activity since December 15, 2008, the application date. AR 219.

The ALJ found that Winder has the severe impairments of scoliosis, degenerative disc disease, and obesity. AR 219. She has the residual functional capacity ("RFC") to perform light work, except she can lift 20 pounds occasionally and ten pounds frequently; stand, walk and sit for four hours in each category for

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

3

not more than one hour in any position without a change in positions with normal breaks as required; occasionally bend, stoop, kneel and crouch, but cannot squat or crawl; occasionally work around moving machinery, but not continuously; and occasionally use foot pedals with both lower extremities.  AR 220.  She is precluded from climbing ladders, ropes and scaffolds due to obesity.  She is precluded from exposure to vibratory tools or instruments.  She has no limitations with reaching.  *Id.*  She does not have past relevant work.  AR 226.  There are jobs that exist in significant numbers in the national economy that she can perform such as office helper, cashier II and information clerk.  AR 226-27*.*

### C. Step Five of the Sequential Analysis

Winder contends the ALJ erred at Step Five because he did not make appropriate inquiries into the VE's testimony.

At Step Five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do.  *Lounsburry*, 468 F.3d at 1114.  If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits.  If the Commissioner cannot meet this burden, the claimant is disabled and entitled to disability benefits.  *Id.*  "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do:  (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2."  *Id.*

"[A]n ALJ may [not] rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the Dictionary of Occupational Titles ["DOT"]."[2]  *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (footnote omitted); *see also Bray v. Comm'r*

---

[2] The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

*of Soc. Sec. Admin.*, 554 F.3d 1219, 1234 (9th Cir. 2009). Social Security Ruling 00-4p requires the ALJ to "first determine whether a conflict exists" between the DOT and the VE's testimony, and "then determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Massachi*, 486 F.3d at 1153.

In evaluating the VE's explanation for the conflict, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories" matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id*. at 1435. Remand may not be necessary if the procedural error is harmless, i.e., when there is no conflict or if the VE had provided sufficient support for her conclusion so as to justify any potential conflicts. *Massachi*, 486 F.3d at 1154 n.19.

The ALJ found that Winder must be allowed to change positions from sitting, standing, or walking every hour. AR 220. "[W]hen a claimant must alternate periods of sitting and standing, the ALJ is directed to consult a vocational expert." *Delorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991). The ALJ asked the VE to "make sure" her testimony was consistent with the DOT and to notify the ALJ if her testimony deviated from the DOT. AR 245. The VE testified that Winder could perform work as office helper, DOT 239.567-010, cashier II, DOT 211.462-010, and information clerk, DOT 237.367-018. AR 246. Based on the VE's testimony, the ALJ determined that Winder could perform jobs that exist in significant numbers in the national economy. AR 226-27.

Winder argues that, although the DOT does not specify a sit/stand option, a conflict with the VE's testimony exists. JS 10-11 (citing *Smith v. Astrue*, 2010 WL 5776060 at *11-12 (N.D. Cal. Sept. 16, 2010); *Valenzuela v. Astrue*, 2009 WL

5

1537876 at *3 (N.D. Cal. June 2, 2009)). She argues that the VE did not explain how she came to the conclusion that the jobs she identified offered a sit/stand option and, thus, there is no support for the deviation from the DOT. JS 10 (citing *Buckner-Larkin v. Astrue*, 450 Fed. Appx. 626, 628 (9th Cir. 2011) (VE's opinion that certain jobs would allow for sit/stand option was supported by VE's own labor market surveys, experience and research)).

The Commissioner argues there is no controlling Ninth Circuit law on whether an apparent conflict arises when the DOT is silent regarding a physical or mental requirement. The Commissioner argues that while Winder has found support for her proposition, other district courts in the Ninth Circuit have found no apparent conflict when, as here, the DOT is silent. JS 14-15 (citing *Strain v. Colvin*, 2014 WL 2472312 at *2 (C.D. Cal. June 2, 2014); *McBride v. Comm'r of Soc. Sec. Admin.*, 2014 WL 788685 at *8 (E.D. Cal. Feb. 25, 2014); *Guevara v. Colvin*, 2013 WL 1294388 at *8 (C.D. Cal. March 28, 2013);[3] *Hixon v. Astrue*, 2012 WL 2501069 at *6 (N.D. Cal. June 27, 2012); *Hirschy v. Comm'r of Soc. Sec. Admin.*, 2012 WL 996527 at *11 (E.D. Cal. March 23, 2012); *Harvey v. Astrue*, 2010 WL 2836817 at *14 (N.D. Cal. July 16, 2010)).

The Ninth Circuit has not addressed the question of whether an apparent conflict with the DOT arises when the DOT is silent as to a particular mental or physical requirement. The existing decisions, mostly unpublished, reflect the record in that particular case. *See Flores v. Colvin*, 546 Fed. Appx. 638, 641 (9th Cir. 2013) (noting VE's testimony that although DOT does not discuss sit/stand option, VE limited his testimony to jobs with that option without further explanation); *Cole v. Astrue*, 395 Fed. Appx. 387, 390 (9th Cir. 2010) (VE

---

[3] In *Guevara*, the VE sufficiently explained any apparent conflict with the DOT. *See Guevara*, 2013 WL 1294388 at *8.

testimony that cashier job has sit/stand option); *Pierce v. Astrue*, 382 Fed. Appx. 618 (9th Cir. 2010) (VE testimony that office helper job has sit/stand option).[4]

The DOT classifies office helper, cashier II and information clerk as light work. DICOT 239.567-010, 1991 WL 672232, DICOT 211.462-010, 1991 WL 671840, DICOT 237.367-018, 1991 WL 672187. The ALJ's hypothetical clearly asked for work that could be performed by a claimant with various restrictions, including the ability to sit, stand or walk no more than one hour in any position without a change of position. AR 245. The VE responded that such a claimant would be able to perform the work of office helper, cashier II and information clerk. AR 245-46. Although the VE did not detail the reasons for that determination, the VE was not required to do so. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony."). This court agrees with the decisions that decline to find an "apparent" conflict when the DOT is silent about a particular mental or physical requirement and the claimant's counsel failed to raise or identify any conflict to the ALJ.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 14, 2014

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[4] By contrast, had the ALJ limited Winder to sedentary work with a sit/stand option, a VE's testimony that she could perform light work would have created a conflict with the DOT. *See Manes v. Astrue*, 267 Fed. Appx. 586, 588-89 (9th Cir. 2008).